**Jerry Lee JOHNSON, Plaintiff–Appellant,**

**v.**

**Wayne F. McELVEEN, Sheriff, in his official capacity, et al., Defendants–Appellees.**

No. 96–30673
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 12, 1996.

**424**

Jerry Lee Johnson, Lake Charles, LA, pro se.

Before POLITZ, Chief Judge, and JOLLY and HIGGINBOTHAM, Circuit Judges.

PER CURIAM:

Jerry Lee Johnson, a Louisiana state prisoner, appeals the dismissal[1] of his 42 U.S.C. § 1983 complaint in which he seeks injunctive relief and damages. The claims for equitable relief based on contentions of ineffective assistance and state trial court deficiencies must be pursued initially in habeas corpus proceedings.[2] Claims for money damages based on such allegations implicate the holding of *Heck v. Humphrey*[3] and must be viewed thereunder.

We write today primarily to clarify the effect of a dismissal of a civil rights claim under the holding of *Heck*. When a claim comes within the parameters of the *Heck* teachings, it is not cognizable under 42 U.S.C. § 1983 until the plaintiff can show that the conviction "has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus."[4] Because Johnson has not satisfied the *Heck* requirement, he currently has no cause of action on his damages claims. Accordingly, we affirm the district court's dismissal.[5] Under *Heck*, Johnson cannot state a claim so long as the validity of his conviction has not been called into question as defined therein, which requires dismissal of claims not meeting its preconditions for suit. The court dismissed Johnson's claims with prejudice. Because these dismissals do not put a defendant to the task of preparing for trial unnecessarily, or inflict other undue prejudice, they do not preclude a later claim meeting the preconditions for suit. A preferred order of dismissal would read: Plaintiffs claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.

As to Johnson's injunctive claims, their dismissal is modified to be without prejudice. The district court should have abstained from exercising jurisdiction over those claims.[6] Johnson's motion for appointment of counsel is DENIED.

---

1. 28 U.S.C. § 1915(e)(2)(B)(i).

2. *Serio v. Members of La. State Bd. of Pardons,* 821 F.2d 1112 (5th Cir.1987).

3. 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

4. *Id.* at ——, 114 S.Ct. at 2372, 129 L.Ed.2d at 394.

5. *Boyd v. Biggers,* 31 F.3d 279 (5th Cir.1994).

6. *Alexander v. Ieyoub,* 62 F.3d 709 (5th Cir.1995).

AS MODIFIED, the judgment appealed is AFFIRMED.