IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10218
Summary Calendar
_____

EDDIE MARTIN,

Plaintiff-Appellant,

versus

CHARLES MARTIN; DON MAJURE; ROBERT G. ESTRADA;
LEE ANN HALDANE; H. BEAVERS; MELINDA BOZARTH,

Defendants-Appellees.

---------------------

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:96-CV-292-X
---------------------
January 15, 1998

Before KING, HIGGINBOTHAM and DAVIS, Circuit Judges.

PER CURIAM:[*]

Eddie Martin, Texas inmate #651314, appeals the district court's dismissal of his civil rights lawsuit, 42 U.S.C. § 1983, pursuant to 28 U.S.C. § 1915A(b)(1), for failure to state a claim upon which relief could be granted.  Martin also moves this court for appointment of counsel on appeal and for leave to supplement the record on appeal.

Martin's motions for appointment of counsel and for leave to

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

supplement the record on appeal are DENIED.

The district court did not err in dismissing Martin's § 1983 claims pursuant to Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), and McGrew v. Texas Bd. of Pardons and Paroles, 47 F.3d 158, 161 (5th Cir. 1995), because Martin has not demonstrated that the revocation of his parole has been reversed, invalidated, or otherwise set aside. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996). The district court properly dismissed Martin's complaint pursuant to § 1915A(b)(1).

Martin has not challenged the district court's reasons for dismissing his claims against Attorney Estrada and thus, Martin has abandoned the issue. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987) (when appellant fails to identify error in the district court's analysis, it is as if the appellant had not appealed that judgment; this court will not raise and discuss legal issues that the appellant has failed to assert).

Martin's appeal is without arguable merit and is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. See 5th Cir. R. 42.2. Martin is cautioned that any additional frivolous appeals filed by him or on his behalf will invite the imposition of sanctions. To avoid sanctions, Martin should review any pending appeals to ensure that they do not raise arguments that are frivolous.

APPEAL DISMISSED; SANCTION WARNING ISSUED; MOTIONS DENIED.