IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-50933
Conference Calendar
_____


BILLY YORK EPPINGER,

                                        Plaintiff-Appellant,

versus

COUNTY OF BELL; PATTERSON, Jail Administrator, Major of the
Bell County Law Enforcement Center,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-98-CV-159
--------------------

October 20, 1999

Before JONES, WIENER, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Billy York Eppinger, Texas inmate # 588363, appeals the

dismissal of his 42 U.S.C. § 1983 complaint under Fed. R. Civ.

P. 12(b)(6) for failure to state a claim.  Eppinger contends that

the defendants' conduct in withholding his mail forced him to

enter a plea of *nolo contendere* to a drug charge and prevented

him from asserting a defense to that criminal charge.  Eppinger's

factual allegations, viewed in the light most favorable to him,

do not state a claim for relief under § 1983.  *See Spiller v.*

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

*City of Texas City, Police Dep't*, 130 F.3d 162, 164 (5th Cir. 1997). Eppinger's allegations necessarily imply the invalidity of his conviction, and Eppinger's claim for damages is not cognizable under § 1983 because he has not shown that his conviction has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. § 2254. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Eppinger's appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Because the appeal is frivolous, it is DISMISSED. *See* 5TH CIR. R. 42.2.

The district court's dismissal of Eppinger's § 1983 complaint for failure to state a claim and the dismissal of this appeal as frivolous count as two separate strikes for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996)(dismissal in district court and subsequent dismissal as frivolous of appeal count as two strikes). We caution Eppinger that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

DISMISSED AS FRIVOLOUS; SANCTION WARNING ISSUED.