No. 99-10905
-1-

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-10905
_____

MICHAEL J. GOWAN,

Plaintiff-Appellant,

versus

THOMAS J. CALLAHAN; CECIL YODER;
MIKE HOPPER; THOMAS YOUNG; JIM
GRANT; TRACIE WHATLEY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:98-CV-56-R
--------------------
January 17, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Michael Gowan, Texas prisoner # Q8132, has filed an application for leave to proceed *in forma pauperis* (IFP) on appeal, following the district court's dismissal of his civil rights complaint as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). By moving for IFP, Gowan is challenging the district court's certification that IFP status should not be granted on appeal because his appeal is not taken in good faith.  See Baugh v. Taylor, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Gowan contends that he brought his claim of denial of access to the courts in good faith because he believed that the fact that prison officials provided forms to request legal sources obligated them to provide those sources upon request. He does not directly challenge the district court's determination that it should abstain from deciding Gowan's claims. Gowan does assert however, that the district court should not have dismissed potential Heck claims with prejudice because he will be barred from raising them once they become ripe. A dismissal with prejudice does not preclude a later claim that meets the preconditions for suit. Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996).

Gowan also asserts that he was denied his right to recreation and that because the detention facility officials met to decide how to deal with him as a security risk, they must have been deliberately indifferent to his need for recreation. To establish deliberate indifference under the Eighth Amendment, a prisoner must show that the defendants (1) were aware of facts from which an inference of an excessive risk to inmate health or safety could be drawn; and (2) drew an inference that such potential for harm existed. Farmer v. Brennan, 511 U.S. 825, 837 (1994). Gowan concedes that after he filed a grievance, he was offered the opportunity to participate in recreation. He has not shown that officials drew the inference of a potential for harm.

Gowan also asserts that the fact he was required to recreate in restraints for two hours was the result of retaliation for his filing a grievance demanding that he be given recreation time.

However, in his pleadings Gowan conceded he had been classified as a security or escape risk. Under these circumstances, recreation in restraints for two weeks was not more than a security measure which did not impose an "atypical and significant hardship . . . in relation to the ordinary incidents of prison life." See Sandin v. Conner, 515 U.S. 472, 481-86 (1995)(internal citations omitted). Gowan's appeal is without arguable merit and is thus frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983).

Accordingly, we uphold the district court's order certifying that the appeal is not taken in good faith and denying Gowan IFP status on appeal, we deny the motion for leave to appeal IFP, and we DISMISS Gowan's appeal as frivolous. See Baugh, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

APPEAL DISMISSED.