IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40006
Conference Calendar
_____

RAYMOND ROSS WILLIAMS,

Plaintiff-Appellant,

versus

A. AUGUST, Correctional Officer;
RICKY TARVER, Captain;
KEITH GORSUCH, Lieutenant

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:99-CV-358
--------------------
August 23, 2001

Before KING, Chief Judge, and POLITZ and PARKER, Circuit Judges.

PER CURIAM:[*]

Raymond Ross Williams, Texas prisoner #308266, appeals the denial of his motion under Fed. R. Civ. P. 60(b)(4), which provides that a judgment may be set aside if it is void.

Williams' claims were dismissed by the district court, with prejudice, as frivolous and for failure to state a claim upon which relief may be granted. Williams' appeal was dismissed as

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

frivolous.[1] Williams then filed his Rule 60(b)(4) motion in the district court. Williams contends on appeal, as he did in the court below, that the judgment of dismissal with prejudice was void under <u>Heck v. Humphrey</u>[2] and <u>Johnson v. McElveen</u>,[3] as dismissal should have been without prejudice.

The concept of void judgment must be narrowly restricted. <u>United States v. 119.67 Acres of Land</u>, 663 F.2d 1328, 1331 (5th Cir. 1981). "A judgment is not void simply because it is erroneous, but only where the court rendering it lacked jurisdiction over the subject matter or the parties, or if it acted in a manner inconsistent with due process of law." <u>Id.</u> A judgment is void even though a court has subject-matter jurisdiction if the court that rendered the judgment or order did so "outside its legal powers." <u>Carter v. Fenner</u>, 136 F.3d 1000, 1005 (5th Cir. 1998).

The judgment dismissing Williams' § 1983 claims with prejudice was not void under Rule 60(b)(4). Dismissal of a state prisoner's § 1983 claims for damages, with prejudice, is permitted under <u>Heck</u>. See <u>Boyd v. Biggers</u>, 31 F.3d 279, 283-84 (5th Cir. 1994); <u>see</u> <u>also</u> <u>Stephenson v. Reno</u>, 28 F.3d 26, 27-28 (5th Cir. 1994) (remanding § 1983 action for dismissal with prejudice pursuant to <u>Heck</u>).

AFFIRMED.

---

[1] <u>Williams v. August</u>, No. 99-40886 (5th Cir. February 17, 2000).

[2] 512 U.S. 477 (1994).

[3] 101 F.3d 423 (5th Cir. 1996).