IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10945
Summary Calendar
_____

JOHN ALBERT ESTRADA, SR

                    Plaintiff - Appellant

     v.

NFN DWYER, DR; S FINNEY, Nurse; FERNANDO DELAROSA, Warden;
WAYNE SCOTT, Director; BILL LONG, District Attorney, Dallas
County

                    Defendants - Appellees

                    --------------------
          Appeal from the United States District Court
              for the Northern District of Texas
                    USDC No. 2:00-CV-63
                    --------------------
                       May 1, 2002

Before KING, Chief Judge, and JOLLY and DeMOSS, Circuit Judges.

PER CURIAM:*

     John Albert Estrada, Sr., Texas prisoner #744108, appeals
the district court's dismissal of his 42 U.S.C. § 1983 complaint
as frivolous, with prejudice, until the conditions set forth in
Heck v. Humphrey, 512 U.S. 477 (1994) are met.  Estrada asserts
that the district court misconstrued his pleadings when it found
that consideration of his 42 U.S.C. § 1983 claim relating to

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

inadequate dental care was barred by <u>Heck</u> because the court could not consider his dental care claims without questioning the validity of his parole revocation. Estrada was given numerous opportunities to set forth his best case and was informed by the magistrate judge that claims that called into question the validity of his parole revocation were barred in accordance with <u>Heck</u>. Estrada argues that the claims are distinct, yet his pleadings indicate that he is using his civil rights claim as a vehicle for challenging his parole revocation. Such a challenge is barred by <u>Heck</u>, and the district court properly dismissed Estrada's complaint. <u>See</u> 42 U.S.C. § 1997e(c)(1); <u>see also</u> <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

Estrada also asserts that this appeal should be consolidated with docket number 01-40489 and that the court should return a district court filing fee that he previously paid. The consolidation issue is moot since docket number 01-40489 has been dismissed. <u>See</u> <u>Estrada v. Love</u>, No. 01-40489 (5th Cir. Dec. 4, 2001) (unpublished). Additionally, Estrada cites no authority that would allow this court to return the filing fee, and his request is rejected.

This appeal is without arguable merit and is frivolous. <u>See</u> <u>Buck v. United States</u>, 967 F.3d 1060, 1062 (5th Cir. 1996). Because the appeal is frivolous, it is DISMISSED. <u>See</u> 5TH CIR. R. 42.2. The dismissal of this appeal and the district court's dismissal of Estrada's complaint count as two "strikes" for

purposes of 28 U.S.C. § 1915(g).  In addition, there are two previous strikes against Estrada in connection with Estrada v. Dominquez, No. 01-10844 (5th Cir. January 16, 2002) (unpublished) and the district court proceeding from which the appeal was taken, Estrada v. Dominquez, No. 2:00-CV-0064 (N.D. Tex. 2001), both of which were dismissed as frivolous.

Therefore, because Estrada has accumulated more than three "strikes" under 28 U.S.C. § 1915(g), Estrada is BARRED from proceeding in forma pauperis in any civil action or appeal while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See 28 U.S.C. § 1915(g).  Additionally, Estrada is warned that he may not abuse the court system.  Further frivolous filings in this court or in any court subject to this court's jurisdiction may warrant imposition of financial penalties and further limits on Estrada's access to the judicial system.  Estrada is instructed to review pending matters to ensure that they are not frivolous.

APPEAL DISMISSED; THREE-STRIKES BAR IMPOSED; ADDITIONAL SANCTIONS WARNING ISSUED.