United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 19, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10681
Summary Calendar

_____

JASON DEWORD DADE,

                                        Plaintiff-Appellant,

versus

HAROLD ENTZ, Judge, 194th District; NFN THOMAS, Justice, Judge,
5th District of Appeals; NFN FITZGERALD, Justice, Judge, 5th
District of Appeals; CHARLES CAMPBELL, Judge, 5th District of
Appeals; LEGISLATURE STATE OF TEXAS,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:03-CV-00228
--------------------

Before JOLLY, WIENER, and CLEMENT, Circuit Judges.

PER CURIAM:*

     Jason DeWord Dade, Texas state prisoner # 1115939, appeals

the dismissal of his pro se, in forma pauperis 42 U.S.C. § 1983

complaint as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)

and 28 U.S.C. § 1915A(b)(1).  Dade argues that the district court

judge who convicted and sentenced him, and the appellate court

judges who affirmed his conviction, violated his constitutional

_____

     * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

rights.  He also argues that the Texas legislature violated his constitutional rights when it enacted various laws.

Dade's complaint lacks an arguable basis in law.  He has sued judicial officers who are immune from suit, without identifying facts that would overcome judicial immunity.  See Boyd v. Biggers, 31 F.3d 279, 284 (5th Cir. 1994).  He has also sued the Texas legislature, which enjoys Eleventh Amendment immunity.  See Puerto Rico Aqueduct and Sewer Auth. v. Metcalf & Eddy, Inc., 506 U.S. 139, 144 (1993).  Additionally, the issues Dade raises imply the invalidity of his conviction and sentence. Dade's conviction was not reversed on direct appeal, and there is no indication in the record that it was expunged by an executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  Therefore, Dade has failed to state a claim for a § 1983 constitutional violation. See Johnson v. McElveen, 101 F.3d 423, 424 (5th Cir. 1996); Heck v. Humphrey, 512 U.S. 477, 486-87 (1994).  Although the district court's dismissal was based on other grounds, we may dismiss this appeal on the alternate grounds of immunity and failure to satisfy the conditions set forth in Heck.  See Sojourner T. v. Edwards, 974 F.2d 27, 30 (5th Cir. 1992) (court may affirm judgment on any basis supported by the record).

The appeal is frivolous and is therefore DISMISSED.  See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5TH CIR.

R. 42.2. The dismissal of this appeal and the district court's dismissal each count as a "strike" for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). Dade is WARNED that if he accumulates three strikes he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See 28 U.S.C. § 1915(g).

APPEAL DISMISSED AS FRIVOLOUS; SANCTIONS WARNING ISSUED.