United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 12, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 05-40565

Paul Christopher Penley

Plaintiff-Appellant,

versus

Collin County, Texas; Charles Sandoval, Judge of the 380th
District Court of Collin County, Texas; Tom O'Connell; Lisa
Renfro, Court Reporter of the 380th District Court; John Roach,
District Attorney of Collin County, Texas

Defendants-Appellees.

Appeal from the United States District Court
For the Eastern District of Texas

Before GARWOOD, HIGGINBOTHAM, and CLEMENT, Circuit Judges.

PER CURIAM:

Paul Christopher Penley, currently serving a fourteen-year
prison sentence for involuntary manslaughter, appeals the district
court's dismissal of his 42 U.S.C. § 1983 complaint against several
officials of Collin County, Texas. Penley claims that evidence of
his crime was destroyed, which prevents him from availing himself
of the opportunity for DNA testing provided by Texas law. We
review the district court's dismissal *de novo*, applying the same

standard used for Federal Rule of Civil Procedure 12(b)(6) dismissals.[1]

Penley seeks compensatory damages in the amount of $ 2 million for the alleged improper destruction of blood evidence that was used to convict him of involuntary manslaughter. The district court dismissed Penley's claims on several grounds: lack of standing, judicial immunity (as applied to Charles Sandoval, Judge of the 380th District Court of Collin County, Texas), absolute immunity (as applied to John Roach, current district attorney of Collin County, Texas, and Tom O'Connell, former district attorney of Collin County, Texas), qualified immunity (as applied to Lisa Renfro, court reporter of the 380th District Court of Collin County, Texas), and *Heck v. Humphrey*.[2]

*Heck* bars all of Penley's claims. To the extent that the district court were to award Penley damages on his claim regarding the destruction of evidence and the loss of the opportunity for DNA testing, the validity of his conviction would be implicitly questioned. Under *Heck*, Penley's claim is not actionable because he has not shown that his conviction has been reversed on direct appeal, expunged by executive order, invalidated by other state means, or called into question by the issuance of a federal habeas

[1]*See Hart v. Hairston*, 343 F.3d 762, 763-64 (5th Cir. 2003).

[2]512 U.S. 477 (1994).

writ.[3]  Accordingly, the district court's dismissal of Penley's §

1983 claims is AFFIRMED.

---

[3]*Heck*, 512 U.S. at 486-87.