# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10661

United States Court of Appeals
Fifth Circuit

**FILED**
February 12, 2014

Lyle W. Cayce
Clerk

STACEY ERVIN,

Plaintiff-Appellant

v.

DALLAS COUNTY DISTRICT ATTORNEY'S OFFICE; SOUTHWESTERN INSTITUTE OF FORENSIC SCIENCES (SWIFS),

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-9

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Stacey Ervin, Texas prisoner # 1732730, moves for leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Ervin alleged that the Southwestern Institute of Forensic Sciences misplaced DNA evidence in its care, thereby violating his due process rights under the Fourteenth Amendment. He sought to recover both compensatory and punitive damages.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10661

By moving to proceed IFP, Ervin is challenging the district court's certification that his appeal is not taken in good faith under 28 U.S.C. § 1915(a)(3). *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). Our inquiry into an appellant's good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted).

Although Ervin contends that that the district court misapplied the *Heck* bar because a decision in his favor would not result in his release from prison or invalidate his conviction, an award of damages on his loss-of-evidence claim would implicitly question the validity of Ervin's conviction under *Heck*. *See Penley v. Collin County, Tex.*, 446 F.3d 572, 572-73 (5th Cir. 2006). Thus, because he has failed to show "that his conviction has been reversed on direct appeal, expunged by executive order, invalidated by other state means, or called into question by the issuance of a federal habeas writ," *Penley*, 446 F.3d at 573 (citing *Heck*, 512 U.S. at 486-87), his appeal is without arguable merit, *see Howard*, 707 F.2d at 220.

Accordingly, his motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed as frivolous. *See* 5th Cir. R. 42.2. This court's dismissal counts as a strike for purposes of the "three strikes" bar under § 1915(g). *See* § 1915(g); *Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Ervin is warned that if he accumulates three strikes, he may not proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).

IFP DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.