# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-10919

United States Court of Appeals
Fifth Circuit

**FILED**
May 1, 2014

Lyle W. Cayce
Clerk

STEVEN MICHAEL SEYS,

Plaintiff-Appellant

v.

JULIE DOUCET; GARY FITZSIMMONS; EARNEST B. WHITE,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:13-CV-2617

Before   KING, DAVIS, and ELROD, Circuit Judges.

PER CURIAM:[*]

Steven Michael Seys, Texas prisoner # 383677, has moved for leave to proceed in forma pauperis (IFP) on appeal. The district court denied Seys's motion to appeal IFP and certified that his appeal was not taken in good faith. By moving in this court for leave to proceed IFP, Seys challenges the district court's certification decision. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-10919

Seys asserts that the district court did not provide valid written reasons for certifying that his appeal was not taken in good faith and improperly dismissed his complaint without holding a hearing under *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), or issuing a questionnaire. However, the district court gave sufficient reasons by stating that it was adopting and incorporating by reference the magistrate judge's recommendation that Seys's 42 U.S.C. § 1983 complaint be summarily dismissed under 28 U.S.C. § 1915(e)(2)(B). *See Baugh*, 117 F.3d at 202 n.21. The district court did not err by dismissing Seys's complaint without allowing additional factual development because there are no further facts that he may have developed in support of his claims that would have prevented the dismissal of his claims. *See Eason v. Thaler*, 14 F.3d 8, 9 (5th Cir. 1994).

He also contends that the district court improperly determined that the defendants were immune from suit. The record reflects that the district court erred in finding that Fitzsimmons was entitled to absolute immunity and, thus, Seys has raised a nonfrivolous ground for appeal. Accordingly, his motion for leave to proceed IFP is granted. *See Baugh*, 117 F.3d at 202. However, we dispense with further briefing in this appeal and, for the reasons detailed below, affirm the district court's judgment.

Seys's allegations against the defendants concerned his claim that he was denied the chance to litigate fully his motion for DNA testing, which he sought to use to challenge the fact of his conviction and establish his innocence. A finding of deficiencies with regard to the proceedings surrounding the motion for DNA testing would necessarily imply the invalidity of his conviction and, if Seys were awarded the relief that he requested, the validity of his conviction would be implicitly questioned. *See Penley v. Collin County, Tex.*, 446 F.3d 572, 572-73 (5th Cir. 2006); *see also Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir.

2

No. 13-10919

1998).  Because Seys has not shown that his conviction has been invalidated on direct appeal or in a state or federal collateral attack, his complaint is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  *See id.* at 573; *see also Connors v. Graves*, 538 F.3d 373, 376-78 (5th Cir. 2008).

Accordingly, IFP is GRANTED and the judgment of the district court is AFFIRMED.