# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30245
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2014

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

PUBLIC DEFENDER 15TH JUDICIAL DISTRICT COURT; BURLIEGH DOGA; CLAY LEJEUNE; ELLIOT BROWN,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2139

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Brandon Scott Lavergne, Louisiana prisoner # 424229, pleaded guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against the Office of the Public Defender for the Fifteenth Judicial District, its supervisor, and two public defenders who represented him on the murder charges. The district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30245

court dismissed Lavergne's 42 U.S.C. § 1983 complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and, in the alternative, as frivolous and for failure to state a claim because the public defenders were not state actors within the meaning of § 1983 and the Public Defender's Office was not an entity capable of being sued under § 1983. Lavergne's state law claims were dismissed without prejudice.

This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Lavergne argues that the district court erred in dismissing his complaint under *Heck* because some of his claims against his defense attorneys fall outside the reach of *Heck*. We disagree. It is disingenuous of Lavergne to attempt to carve out portions of the attorneys' representation as exempt from the *Heck* bar. If the district court were to award him damages as to any of his claims, it would implicitly call into question the validity of his murder convictions. *See Heck*, 512 U.S. at 487; *Penley v. Collin County, Tex.*, 446 F.3d 572, 573 (5th Cir. 2006). In this same vein, any error in denying his motions to amend was harmless because the amendments were futile in light of the *Heck* bar. *See United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009). The district court did not err in dismissing Lavergne's *Heck*-barred claims with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). In light of the foregoing, the district court did not abuse its discretion in denying Lavergne's motion to appoint counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). To the extent Lavergne raises new claims on appeal, we do not address them. *See Willard v. Ballard*, 466 F.3d 330, 335 (5th Cir.

2006).   Lavergne's motion to appoint counsel is DENIED, and the district court's judgment is AFFIRMED.