# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30224
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2014

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

MIKE HARSON; OFFICE OF 15TH J.D.C. DISTRICT ATTORNEY,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2120

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Brandon Scott Lavergne, Louisiana prisoner # 424229, pleaded guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against Mike Harson, the District Attorney for the Fifteenth Judicial District, and the Office of the District Attorney for the Fifteenth Judicial District. The district court dismissed the complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994),

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30224

and, alternatively, for failure to state a claim because District Attorney Harson was entitled to absolute prosecutorial immunity and the District Attorney's Office was not an entity capable of being sued under 42 U.S.C. § 1983. Additionally, the district court dismissed Lavergne's claims he asserted under Louisiana state law without prejudice.

This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Lavergne's motion for leave to file a supplemental brief is GRANTED. In his briefs, Lavernge contends that his claims for libel, slander, malicious prosecution, release of false information and statements, and return of personal belongings are not grounds to overturn his convictions and, therefore, that *Heck* does not apply. We disagree. Lavergne's claims arise out of the appellees' prosecutions of him for murder. If the district court were to award him damages as to any of these claims, it would implicitly call into question the validity of his convictions. *See Heck*, 512 U.S. at 487; *Penley v. Collin County, Tex.*, 446 F.3d 572, 573 (5th Cir. 2006). In this same vein, the district court did not abuse its discretion in denying his motions to amend his complaint because the amendments were futile in light of the *Heck* bar. *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013). The district court did not err in dismissing Lavergne's *Heck*-barred claims with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Finally, to the extent Lavergne raises new claims on appeal, we do not address them. *See Willard v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006). His motion to appoint counsel is DENIED.

AFFIRMED.