# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30257
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2014

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

LOUISIANA STATE POLICE,

Defendant-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2189

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Brandon Scott Lavergne, Louisiana prisoner # 424229, pleaded guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against the Louisiana State Police. The district court dismissed the complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and, alternatively, for failure to

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30257

state a claim because the Louisiana State Police were immune from suit. Lavergne's state law claims were dismissed without prejudice.

This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Lavergne's motion for leave to file a supplemental brief is GRANTED. In his briefs, Lavergne again challenges the lawfulness of the actions taken by the Louisiana State Police which led to the seizure of his phone and laptop. He contends that the district court erred in dismissing his complaint prior to service based upon *Heck* because the charges relating to his arrest by the Louisiana State Police, i.e., failing to register as a sex offender, were eventually dropped.

We disagree. Lavergne specifically alleged that the seized items were used against him in the murder investigations and in fact that the actions of the Louisiana State Police "caused" him to plead to the murder charges notwithstanding his innocence. If the district court were to award him damages as to any of his claims, it would implicitly call into question the validity of his murder convictions. *See Heck*, 512 U.S. at 487; *Penley v. Collin County, Tex.*, 446 F.3d 572, 573 (5th Cir. 2006). In this same vein, any error in denying his motions to amend was harmless because the amendments were futile in light of the *Heck* bar. *See United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009. The district court did not err in dismissing Lavergne's *Heck*-barred claims with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). To the extent Lavergne raises new claims on appeal, we do not address them. *See Willard v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006).

2

No. 14-30257

Lavergne's motion to appoint counsel is DENIED, and the district court's judgment is AFFIRMED.