# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30288
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

October 27, 2014

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

LESLIE TURK; INDEPENDENT MEDIA GROUP,

Defendants-Appellees

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2198

Before SMITH, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:*

Brandon Scott Lavergne, Louisiana prisoner # 424229, pleaded guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against Leslie Turk and the Independent Media Group. The district court dismissed Lavergne's 42 U.S.C. § 1983 claims for failure to state a claim because the defendants were not state actors for § 1983 purposes and the claims were

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). Additionally, the district court dismissed Lavergne's claims he asserted under Louisiana state law without prejudice.

This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

Lavergne argues on appeal that the district court erred in dismissing his complaint for failure to state a claim because the defendants were state actors. For a private citizen, such as the instant defendants, to be held liable under § 1983, "the plaintiff must allege and prove that the citizen conspired with or acted in concert with state actors." *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989. A plaintiff satisfies this burden by alleging and proving "(1) an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. Allegations that are merely conclusory, without reference to specific facts, will not suffice." *Priester v. Lowndes County*, 354 F.3d 414, 420 (5th Cir. 2004).

Here, the district court correctly determined that Lavergne's complaint failed to allege that the defendants conspired with a state actor. Although Lavergne alleged that the defendants printed false statements about him, he failed to allege specific facts to show an agreement between the defendants and the police, or any other state actor, to commit an illegal act. Accordingly, the district court did not err when it dismissed Lavergne's § 1983 claims against the defendants for failure to state a claim. *See Priester,* 354 F.3d at 420.

Additionally, Lavergne cannot overcome the *Heck* bar. Lavergne's claims arise out of the Shunick and Pate murder prosecutions, and they reflect his view that the prosecutions and his resulting guilty pleas were tainted by

No. 14-30288

their false statements.  If the district court were to award Lavergne damages as to any of these claims, it would implicitly call into question the validity of his convictions.  *See Heck*, 512 U.S. at 487; *Penley v. Collin County, Tex.*, 446 F.3d 572, 573 (5th Cir. 2006); *Clarke v. Stalder*, 154 F.3d 186, 190-91 (5th Cir.1998) (en banc); *see also Lavergne v. Sanford*, 570 F. App'x 385 (5th Cir. 2014).

In light of the foregoing, the district court did not abuse its discretion in denying his motion to appoint counsel or his motions to amend his complaint as the amendments were futile.  *See Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).  To the extent Lavergne raises new claims on appeal, we do not address them.  *See Willard v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006).

Lavergne's motion to appoint counsel is DENIED, and the judgment of the district court is AFFIRMED.