# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30307
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
November 3, 2014

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

KENT DAVID KLOSTER,

Defendant-Appellee

Appeals from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2145

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Brandon Scott Lavergne, Louisiana prisoner # 424229, pled guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against Kent Kloster. The district court dismissed the complaint as frivolous, for failure to state a claim, as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and for lack of jurisdiction.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30307

This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998).

In his brief, Lavergne contends that his claims were not untimely filed and that *Heck* does not apply because his claims for libel and slander are not grounds to overturn his convictions and because Kloster's false statements were not used in the factual basis for his guilty plea convictions. Even if his claims were not all time barred, Lavergne cannot overcome the *Heck* bar. Lavergne's claims arise out of the Shunick and Pate murder prosecutions, and they reflect his view that the prosecutions and his resulting guilty pleas were tainted by Kloster's false statements. If the district court were to award Lavergne damages as to any of these claims, it would implicitly call into question the validity of his convictions. *See Heck*, 512 U.S. at 487; *Penley v. Collin Cnty., Tex.*, 446 F.3d 572, 573 (5th Cir. 2006); *see also Lavergne v. Sanford*, 570 F. App'x 385 (5th Cir. 2014). Nor was it error for the district court to dismiss the *Heck*-barred claims with prejudice. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Neither did the district court abuse its discretion in denying his motion to appoint counsel or his motion to amend his complaint because the amendments were futile in light of the *Heck* bar. *See Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013); *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982). To the extent Lavergne raises new claims on appeal, we do not address them. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006).

Lavergne's motion to appoint counsel is DENIED, and the judgment of the district court is AFFIRMED.