**Brandon Scott LAVERGNE, Plaintiff–Appellant,**

v.

**SHERIFF'S OFFICE ACADIA PARISH; Keith Latholis, Defendants–Appellees.**

**No. 14–30248**
**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Jan. 26, 2015.

Brandon Scott Lavergne, Angola, LA, pro se.

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM: *

Brandon Scott Lavergne, Louisiana prisoner # 424229, pleaded guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against the Acadia Parish Sheriff's Office and Detective Keith Latholis. The district court dismissed Lavergne's claims directed at events that occurred in 2000, 2005, and 2008 as frivolous and events connected with the 2012 murder investigations of Shunick and Pate and the subsequent state criminal proceeding as barred by *Heck v. Humphrey,* 512 U.S.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Alternatively, the district court dismissed Lavergne's claims against the Sheriff's Office for failure to state a claim because the Sheriff's Office is not an entity capable of being sued under 42 U.S.C. § 1983. The district court also dismissed Lavergne's state law claims.

This court reviews the dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren,* 134 F.3d 732, 733–34 (5th Cir.1998) (per curiam).. A dismissal as frivolous under § 1915(e)(2)(B)(i) is reviewed for an abuse of discretion. *Id.* at 734.

In his brief, Lavergne contends that his claims concerning events that occurred in 2000, 2005, and 2008 were not untimely filed and that *Heck* does not apply because his claims are not grounds to overturn his convictions and because the false statements of Kent Kloster and Claire Higgingbottom were not used in the statement of facts or factual basis for his guilty plea convictions. Even if his claims were not time barred, Lavergne cannot overcome the *Heck* bar. Lavergne's claims arise out of the Shunick and Pate murder prosecutions, and they reflect his view that the prosecutions and his resulting guilty pleas were tainted. If the district court were to award Lavergne damages as to any of these claims, it would implicitly call into question the validity of his convictions. *See Heck,* 512 U.S. at 487, 114 S.Ct. 2364; *Penley v. Collin Cnty., Tex.,* 446 F.3d 572, 573 (5th Cir.2006) (per curiam); *see also Lavergne v. Sanford,* 570 Fed.Appx. 385 (5th Cir.2014) (per curiam). In this same vein, the district court did not abuse its discretion in denying his motion to appoint counsel or his motions to amend his complaint because the amendments were futile. *See Heck,* 512 U.S. at 487, 114 S.Ct. 2364; *Leal v. McHugh,* 731 F.3d 405, 417 (5th Cir.2013); *Ulmer v. Chancellor,* 691 F.2d 209, 212–13 (5th Cir.1982). To the extent Lavergne raises new claims on appeal, we do not address them. *See Williams v. Ballard,* 466 F.3d 330, 335 (5th Cir.2006) (per curiam).

Lavergne's motion to appoint counsel is DENIED, and the judgment of the district court is AFFIRMED.