# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30256
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 26, 2015

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

STEVEN BAJAT; CITY POLICE OF LAFAYETTE, also known as Police Department of Lafayette,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2146

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Brandon Scott Lavergne, Louisiana prisoner # 424229, pleaded guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against Sergeant Steven Bajat and the Lafayette City Police Department. The district court dismissed Lavergne's complaint as barred by *Heck v. Humphrey*, 512 U.S. 477

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30256

(1994), and alternatively, dismissed Lavergne's claims against the Lafayette City Police Department for failure to state a claim because the Police Department is not an entity capable of being sued under 42 U.S.C. § 1983. The district court also dismissed Lavergne's state law claims without prejudice.

This court reviews the dismissal of a complaint for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) de novo, applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (per curiam).

On appeal, Lavergne contends that his claims are not barred by *Heck* because his complaint does not call into question his guilty plea convictions to the murders of Shunick and Pate, as the evidence and events underlying his complaint were not used to form the basis of his guilty plea convictions for the murders. We disagree. Lavergne's claims arise out of the Shunick and Pate murder prosecutions and guilty plea convictions, and they reflect Lavergne's view that the prosecutions and his resulting guilty pleas were tainted. If the district court were to grant Lavergne relief as to any of these claims, it would implicitly call into question the validity of his convictions. *See Heck*, 512 U.S. at 487; *Penley v. Collin Cnty., Tex.*, 446 F.3d 572, 573 (5th Cir. 2006) (per curiam); *see also Lavergne v. Sanford*, 570 F. App'x 385 (5th Cir. 2014) (per curiam). In this same vein, the district court did not abuse its discretion in denying his motion to appoint counsel or his motions to amend his complaint because the amendments were futile. *See Heck,* 512 U.S. at 487; *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013); *Clarke v. Stalder*, 154 F.3d 186, 189–90 (5th Cir. 1998) (en banc); *Ulmer v. Chancellor*, 691 F.2d 209, 212–13 (5th Cir. 1982). To the extent Lavergne raises new claims on appeal, we do not address them. *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (per curiam).

No. 14-30256

Lavergne's motion to appoint counsel is DENIED, and the judgment of the district court is AFFIRMED.