# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-30254
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 26, 2015

Lyle W. Cayce
Clerk

BRANDON SCOTT LAVERGNE,

Plaintiff-Appellant

v.

UNIVERSITY OF LOUISIANA LAFAYETTE,

Defendant-Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:13-CV-2194

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Brandon Scott Lavergne, Louisiana prisoner # 424229, pleaded guilty to two counts of first degree murder for the murders of Michaela Shunick and Lisa Pate. Thereafter, Lavergne filed a civil rights complaint against the University of Louisiana at Lafayette (ULL). The district court dismissed the complaint as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and,

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

alternatively, for failure to state a claim because ULL was immune from suit. Lavergne's state law claims were dismissed without prejudice.

This court reviews a dismissal for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii) de novo, applying the same standard that is used to review a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Black v. Warren*, 134 F.3d 732, 733–34 (5th Cir. 1998) (per curiam). Questions of whether a defendant is entitled to immunity are likewise reviewed de novo. *Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam).

Lavergne has not challenged the district court's determination that ULL was entitled to Eleventh Amendment immunity or that it was declining to exercise supplemental jurisdiction over his state law claims. Although pro se briefs are liberally construed, even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). Lavergne has therefore failed to show that the district court erred in dismissing his complaint as to these claims. *See id.*

In his briefs, Lavergne renews his attack on the actions taken by ULL, which resulted in it obtaining a statement from Claire Higgingbottom. He contends that the district court erred in dismissing his claims based on *Heck*. We disagree. Lavergne specifically alleged that Higgingbottom's statement "was being used as evidence in a capital murder case." If the district court were to award Lavergne damages as to any of his claims, it would implicitly call into question the validity of his murder conviction of Shunick. *See Heck*, 512 U.S. at 487; *Penley v. Collin Cnty., Tex.*, 446 F.3d 572, 573 (5th Cir. 2006) (per curiam). In this same vein, any error in denying his motions to amend was harmless because the amendments were futile in light of Eleventh Amendment immunity and the *Heck* bar. *See United States v. Gonzalez*, 592 F.3d 675, 681 (5th Cir. 2009) (per curiam). To the extent Lavergne raises new

claims on appeal, we do not address them.  *See Williams v. Ballard*, 466 F.3d 330, 335 (5th Cir. 2006) (per curiam).

Lavergne's motion to appoint counsel is DENIED, and the district court's judgment is AFFIRMED.