# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 4, 2022

Lyle W. Cayce
Clerk

No. 21-20358
Summary Calendar

BILLY RICHARDS, *also known as* BILLY HOLMES,

*Plaintiff—Appellant*,

*versus*

CHARLES J. HEARN; BRYAN COLLIER; *Texas Department of Criminal Justice Parole Division*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-3684

Before STEWART, HAYNES, and HO, *Circuit Judges*.

PER CURIAM:*

Billy Richards seeks leave to proceed in forma pauperis (IFP) to appeal the district court's dismissal of his 42 U.S.C. § 1983 complaint, in which he alleged that the state court judge who presided over his 1980 aggravated

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

robbery trial lacked subject matter jurisdiction over the proceedings and entered a void judgment and that the Executive Director of the Texas Department of Criminal Justice-Parole Division imposed punitive parole conditions based on the void judgment. The district court dismissed Richards's complaint, determining that his claims called into question the validity of his conviction and were thus could not be presented in light of *Heck v. Humphrey*, 512 U.S. 477 (1994), and that the state judge was entitled to absolute immunity. By moving in this court to proceed IFP, Richards is challenging the district court's certification that any appeal would not be taken in good faith because he had not shown that he will present a nonfrivolous appellate issue. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Before this court, Richards argues that *Heck* does not bar his claims and that the judge is not entitled to immunity, given that the judgment of conviction is void. As his complaints about the judge arise from "acts performed in the exercise of . . . judicial functions," the judge was entitled to immunity. *Boyd v. Biggers*, 31 F.3d 279, 284 (5th Cir. 1994). Additionally, because Richards's claims fall into question the validity of his state conviction, and because he has not established that this conviction has already been reversed, expunged, or otherwise declared invalid, he may not obtain monetary damages. *See Heck*, 512 U.S. at 487. To the extent he is challenging the denial of injunctive relief by the district court, Richards's claims are a challenge to the validity of his conviction that must be pursued in habeas proceedings. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Richards has also not shown that the district court abused its discretion in denying his Federal Rule of Civil Procedure 59(e) motion. *See Dearmore v. City of Garland*, 519 F.3d 517, 620 (5th Cir. 2008).

The appeal is without arguable merit and is thus frivolous. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, Richards's motion

No. 21-20358

to proceed IFP is denied, and the appeal is dismissed as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. In 2010, Richards was warned that further frivolous filings could result in monetary sanctions. *See Holmes v. Thaler*, No. 09-20454 (5th Cir. June 8, 2010) (unpublished one-judge order); *Holmes v. Thaler*, No. 09-20167 (5th Cir. Jan. 5, 2010) (unpublished one-judge order). Given the number of years between those orders and the instant proceedings, we decline to impose sanctions at this time. However, Richards is warned that that any further filing of repetitious or frivolous civil rights complaints challenging his 1980 conviction may result in the imposition of sanctions against him. These sanctions may include dismissal, monetary sanctions, and restrictions on his ability to file pleadings in this court and any court subject to this court's jurisdiction.

IFP MOTION DENIED; APPEAL DISMISSED; SANCTION WARNING ISSUED.