# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

November 15, 2023

Lyle W. Cayce
Clerk

———————

No. 23-40171

———————

Brett Fountain,

*Plaintiff—Appellant*,

*versus*

Clifford Wayne Thomas; Wood County Criminal District Attorney's Office; Angela Lea Albers,

*Defendants—Appellees*.

———————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:22-CV-431

———————————————————

Before Elrod, Oldham, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Brett Fountain was convicted of a misdemeanor traffic violation in Texas state court. Fountain then filed suit in federal district court under 42 U.S.C. § 1983 against various officials involved in the state prosecution. For example, Fountain alleged that the special prosecutor "pretended he was the elected criminal district attorney of Wood County," Texas.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-40171

Fountain's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* bars actions for damages under § 1983 (1) when a judgment in favor of the plaintiff would necessarily imply the invalidity of their conviction, and (2) that conviction has *not* "been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87. Fountain's conviction has not been reversed, expunged, or otherwise declared invalid. Accordingly, he cannot proceed with this § 1983 claim for damages. *Id.*; *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

AFFIRMED.