United States Court of Appeals
Fifth Circuit

**F I L E D**

February 16, 2004

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10525
Summary Calendar

_____

ROBERT S. ORTLOFF,

Petitioner-Appellant,

versus

L. E. FLEMING, Federal Medical Center - Fort Worth,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CV-00749-Y
--------------------

Before SMITH, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Robert Ortloff, federal prisoner # 19317-008, appeals the denial of his 28 U.S.C. § 2241 petition for habeas corpus. Ortloff is seeking release on parole relative to his 50-year sentence for several offenses that arose from the manufacture, mailing, and injurious detonation of a pipe bomb, and his 40-month consecutive sentence for possessing a silencer. We AFFIRM.

In 1999 the United States Parole Commission (the Commission) continued Ortloff's parole hearing for 15 years, although he was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

parole-eligible, on grounds that he was a more serious risk than the Commission's guidelines appeared to indicate. A district court in Wisconsin denied Ortloff's 28 U.S.C. § 2241 habeas corpus petition and the United States Court of Appeals for the Seventh Circuit affirmed with an unpublished opinion.

In February 2001, Ortloff received an interim hearing by the Commission relative to the 15-year continuance. The Commission upheld this ruling, which was affirmed by the National Appeals Board. In September 2002, Ortloff filed a 28 U.S.C. § 2241 habeas petition in the district court for the Northern District of Texas, the denial of which is the subject of Ortloff's present appeal.

Ortloff contends that the district court reversibly erred by dismissing the following claims as being successive and an abuse of the writ. In his claim two, Ortloff challenged the Commission's determinations of fact, as described in its notice of action to Ortloff. In claim three, Ortloff asserted that the Commission's decision in his case was unlawfully tainted by political overreaching of Senator John McCain. His fourth claim asserted that the Commission ignored the Sentencing Guidelines in making its decision in his case. In claim six, Ortloff generally challenged the Commission's decision as being unjust. He also contends the court erred when it refused to rule on his allegations of fraud by the FBI during the investigative and prosecution stages, although he did not allege this as a separate claim. Ortloff has abandoned his other habeas claims.

The specific limitations on filing successive 28 U.S.C. § 2255 motions and 28 U.S.C. § 2254 habeas petitions that were enacted as 28 U.S.C. § 2244(b) under the AEDPA do not literally apply to 28 U.S.C. § 2241 habeas petitions. See Zayas v. INS, 311 F.3d 247, 256-57 (3d Cir. 2002). However, this court has held that the version of 28 U.S.C. § 2244(a) that was in effect prior to enactment of the AEDPA bars successive 28 U.S.C. § 2241 petitions that are based on the same claim. See United States v. Tubwell, 37 F.3d 175, 177-78 (5th Cir. 1994). Accordingly, the present version of 28 U.S.C. § 2244(a), which is very similar, applies to Ortloff's case.

Ortloff's specific habeas claims have all been fully litigated in the Wisconsin district court and the Seventh Circuit Court of Appeals. Ortloff argues that he has raised claims that had become ripe for review only since his 1999 parole hearing. However, he refers only to the work of a Department of Justice Task Force that investigated allegations of wrongdoing by the FBI. Although Ortloff raised issues involving the Task Force in his previous petitions, the instant habeas action is apparently the first he has filed since learning that the Task Force found no wrongdoing in the investigation of his case. Despite that finding, Ortloff continues to assert that the FBI mishandled the evidence in the case against him. This assertion goes to the validity of his conviction and is not properly asserted in an action under 28 U.S.C. § 2241. See, e.g., Ojo v. INS, 106 F.3d 680, 683 (5th Cir. 1997); 28 U.S.C. §

3

2255.  Therefore the district court did not err by denying relief on this claim, and on Ortloff's other claims.

Ortloff contends that he is entitled to relief because the district court denied his request for appointment of counsel. However, a petitioner serving a noncapital sentence has no right to appointment of counsel in a habeas proceeding.  McFarland v. Scott, 512 U.S. 849, 857 n.3 (1994).  Nor has Ortloff shown that the ends of justice required that counsel be appointed for him.  See Schwander v. Blackburn, 750 F.2d 494, 502-03 (5th Cir. 1985).

Ortloff contends that he is entitled to relief because the district court abused its discretion by denying his request for discovery.  The district court held, first, that he was not entitled to discovery because his motion therefor was not properly before the court, due to his failure to comply with the local rules applicable to motions.  Ortloff does not contest this ruling in his briefs.

Ortloff argues that he is entitled to discovery because his prison law library is inadequate.  He also asserts that discovery may reveal that Senator McCain influenced the Commission to take adverse action in his case, and he alleges that prison personnel took unspecified relevant evidence from him.  This court has held, in a 28 U.S.C. § 2254 case, that conclusional allegations do not entitle a petitioner to discovery and that Rule 6 of the Rules Governing Section 2254 Cases "does not authorize fishing expeditions." Ward v. Whitley, 21 F.3d 1355, 1367 (5th Cir. 1994).

4

There is no valid reason why the law should be different for discovery in a 28 U.S.C. § 2241 habeas case such as this.

Ortloff contends that the district court erred by not providing him with an evidentiary hearing. He asserts that a hearing is needed to resolve unspecified questions of fact and that he has not had adequate access to legal materials. However, a hearing is not required "when the record is complete or the petitioner raised only legal claims that can be resolved without the taking of additional evidence." Ellis v. Lynaugh, 873 F.2d 830, 840 (5th Cir. 1989). Ortloff is not entitled to an evidentiary hearing because he has not shown that there is a factual dispute which, if it were resolved in his favor, would entitle him to relief. See Ward, 21 F.3d at 1367. The district court's denial of all relief to Ortloff is due to be, and it is hereby AFFIRMED.

IT IS FURTHER ORDERED that Ortloff's motions for the appointment of counsel, and for the imposition of sanctions on the appellee, are DENIED.

AFFIRMED; MOTIONS DENIED.