**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**November 12, 2004**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40200
Summary Calendar

DESIREE A. SHAW,

                                        Plaintiff-Appellant,

versus

CHARLIE HARRIS; GERALD A. GOODWIN; CLYDE HERRINGTON, District
Attorney for Angelina County, TX; JOHN R. HEATH, SR., Attorney at
Law; CLAYTON CARROLL RICHARDSON; VIVIAN BROOKS; JAMES BRUCE, Dr.,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:03-CV-194
--------------------

Before GARZA, DeMOSS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Desiree Shaw, Texas prisoner no. 769352, appeals the

dismissal of her 42 U.S.C. § 1983 action.  Shaw is serving a 32-

year sentence for the 1996 murder of her husband.  She alleged

primarily that the defendants conspired to violate her

constitutional right to due process by concealing or tampering

with evidence, prosecuting her based on false evidence and

perjury, and submitting false evidence at her state habeas corpus

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

proceeding. She also contends that some of the defendants defamed her, that one defendant deprived her mortally wounded husband of emergency medical care, and that one defendant rendered ineffective assistance of counsel. Shaw did not seek damages, but requested injunctive and declaratory relief that would ensure her "meaningful" access to the courts. We review de novo claims dismissed pursuant to 28 U.S.C. § 1915A. Ruiz v. United States, 160 F.3d 273, 275 (5th Cir. 1998).

The district court properly concluded that the vast majority of Shaw's claims are barred by the rule of Heck v. Humphrey, 512 U.S. 477, 487 (1994). If, in an action under 42 U.S.C. § 1983, "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence . . . the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated." Heck, 512 U.S. at 487. Heck applies to claims for injunctive relief that imply the invalidity of the conviction. Kutzner v. Montgomery County, 303 F.3d 339, 340-41 (5th Cir. 2002).

Shaw does not show that her conviction has already been reversed on appeal or otherwise invalidated through proper channels of postconviction relief. A decision granting Shaw injunctive or declaratory relief on her allegations of evidence tampering and concealment, perjury, ineffectiveness of counsel, prosecutorial misconduct, or the filing of false affidavits in her state habeas corpus proceeding, including any defamation

claims based on those affidavits, would necessarily imply that her conviction was invalid. Thus, all of those claims are barred by <u>Heck</u>.

To the extent Shaw asserts claims that are not barred by <u>Heck</u> but which occurred prior to or contemporaneously with her conviction, such as her claim of denial of emergency medical care, such claims are barred by the Texas statute of limitations for tort actions that applies in 42 U.S.C. § 1983 actions. <u>See</u> <u>Burrell v. Newsome</u>, 833 F.2d 416, 420 (5th Cir. 1989).

We affirm the dismissal of Shaw's claims against District Attorney Clyde Herrington and Judge Gerald Goodwin on grounds of absolute prosecutorial and judicial immunity. <u>See</u> <u>Imbler v. Pachtman</u>, 424 U.S. 409, 427-28 (1976) (prosecutorial immunity); <u>Dennis v. Sparks</u>, 449 U.S. 24, 27 (1980) (judicial immunity).

Shaw fails to address the district court's dismissal of her claim against Dr. Brooks or any defamation claim that did not concern the defendants' state habeas affidavits. She therefore waives appeal of those claims. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 225 (5th Cir. 1993) (issues not briefed are abandoned); <u>see also</u> <u>Brinkmann v. Dallas County Deputy Sheriff Abner</u>, 813 F.2d 744, 748 (5th Cir. 1987) (noting that general arguments are insufficient to preserve issues for appeal and that this court need not construct arguments or theories for <u>pro se</u> appellants).

Shaw's contentions in this court that the district court should have ordered discovery or held an evidentiary hearing are

without merit.  Discovery and a hearing are not required prior to dismissal under 28 U.S.C. § 1915A, and Shaw has shown no need for either discovery or a hearing.

The judgment of the district court is AFFIRMED.

Shaw's motion for appointment of counsel is DENIED.

JUDGMENT AFFIRMED; ALL MOTIONS DENIED