# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 18, 2007

Charles R. Fulbruge III
Clerk

No. 07-10076
Summary Calendar

RICHARD DONALD BENSON

Petitioner-Appellant

v.

DAVID JUSTICE; UNITED STATES OF AMERICA

Respondents-Appellees

Appeal from the United States District Court
for the Northern District of Texas

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:

Petitioner-Appellant Richard Donald Benson, federal prisoner # 14620-039, challenges the district court's dismissal of his 28 U.S.C. § 2241 petition for lack of jurisdiction. Benson was convicted in 1992 in the United States District Court for the District of Nevada for engaging in a continuing criminal enterprise (CCE) and was sentenced to 327 months of imprisonment.

Benson argues that jurisdiction was proper in the Northern District of Texas because he is incarcerated in the district. He also challenges his underlying conviction, arguing that, in light of the Supreme Court's ruling in Richardson v. United States, 526 U.S. 813 (1999), he is "actually innocent" of the CCE offense because the district court failed to instruct the jury that: (1) to find

Benson guilty of the offense, it had to find that he had supervised five or more persons during unanimously-agreed-upon specific acts which comprised the CCE; and (2) it had to acquit him of the offense if it found that his Michigan arrest for possession of heroin involved heroin for his personal use. He also argues that, in light of Richardson, the evidence presented at trial was insufficient to prove that: (1) he had received substantial resources or income from the acts alleged in the indictment; (2) he had supervised five or more persons during the acts alleged in the indictment; (3) his Michigan arrest for possession of heroin was related to the other alleged predicate offenses; and (4) he had acted in concert with others during the Michigan offense. Benson further argues that, under Richardson, the Nevada court lacked jurisdiction to adjudicate his case and was not the proper venue for his trial.

Benson's arguments challenge his conviction and thus are the type of arguments reserved for § 2255 motions. See Tolliver v. Dobre, 211 F.3d 876, 877-78 (5th Cir. 2000). The district court correctly noted that it would not usually have jurisdiction to rule on a § 2255 motion filed by Benson, and therefore did not have jurisdiction to construe his § 2241 motion as a § 2255 motion. See Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir. 1997) (noting that only sentencing court has jurisdiction to hear § 2255 motion). However, the savings clause of § 2255 creates an opportunity for the Northern District of Texas to rule on Benson's § 2241 petition if he can show that a § 2255 motion otherwise provides him with an "inadequate" or "ineffective" remedy. Benson has failed to make the requisite showing. Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000); Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). Accordingly, the judgment of the district court is affirmed.

As Benson now has filed two § 2241 petitions in the district court challenging his conviction under Richardson, he is hereby warned that submitting repetitive or frivolous filings in the future will invite the imposition of sanctions.

AFFIRMED; SANCTION WARNING ISSUED.