# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 4, 2010

No. 08-41138
Summary Calendar

Charles R. Fulbruge III
Clerk

JEFFREY MANN

Plaintiff - Appellant

v.

DENTON COUNTY TEXAS; STATE OF TEXAS; DENTON COUNTY
SHERIFF DEPARTMENT; BRUCE ISSACKS; PAIGE MCCORMICK; E LEE
GABRIEL, District Judge Denton County TX; BENNY PARKEY, Sheriff
Denton County TX

Defendants - Appellees

Appeal from the United States District Court for the Eastern District of
Texas
4:08-CV-162

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In this appeal, Jeffrey Mann acting *pro se* challenges the district court's

dismissal of his § 1983 action which he filed on his own behalf and on behalf of

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

No. 08-41138

others against county and state officials for deprivation of his property that was seized when he was arrested.[1]

Mann complained to the district court about the confiscation of property seized in connection with his arrest both as a deprivation of his property without due process and as a violation of an agreement that formed a part of his plea bargain to return non-contraband property.  After considering the magistrate judge's report, the district court adopted the magistrate's findings and conclusions and held 1) that Mann's due process claim was time barred and 2) that Mann's claim based on breach of his plea bargain was barred by the Supreme Court's holding in *Heck v. Humphrey*, 512 U.S. 477 (1994).  The district court then dismissed Mann's due process claim under 28 U.S.C. § 1915A(b)(1) and dismissed his claims based on breach of the plea bargain with prejudice pending satisfaction of the *Heck* conditions.

Mann's appeal is primarily based on the district court's dismissal of his due process claims.  We review *de novo* the district court's dismissal pursuant to § 1915A.  *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998).

First, as the district court properly recognized, a state actor's negligent or intentional deprivation of a plaintiff's property  does not result in a due process violation if there exists an adequate state post-deprivation remedy.  *Hudson v. Palmer*, 468 U.S. 517, 533  (1984); *Parrat v. Taylor*, 451 U.S. 527, 535-55 (1981). Texas law provides an adequate post-deprivation remedy for the taking of any property.  *See Holloway v. Walker*, 784 F.2d 1287, 1292 (5th Cir. 1986).  Because no specified federal statute of limitations exists for § 1983 claims, federal courts borrow the forum state's general or residual tort limitations period.  *Rodriguez*

---

[1] We only consider Mann's appeal of the dismissal of his own suit.  Mann has no right to appeal on behalf of a multitude of allegedly similarly situated and aggrieved parties.  *See Gonzales v. Wyatt*, 157 F. 3d 1016, 1021 (5th Cir. 1998) ("In federal court a party can represent himself or be represented by an attorney, but cannot be represented by a non-lawyer.") (citations omitted).

No. 08-41138

*v. Holmes,* 963 F.2d 1178, 1184 (5th Cir. 1992). In Texas, the applicable period is two years. Although state law controls the limitations period for § 1983 claims, federal law determines when a cause of action accrues. *Brummett v. Camble*, 946 F.2d 172, 175 (5th Cir. 1988). Accrual begins "when the plaintiff knows or has reason to know the injury which is the basis of the action." *Burrell v. Newsome,* 883 F.2d 416, 418 (5th Cir. 1989). Mann brought this suit in 2008, more than five years after the alleged deprivation and five years after he signed his plea agreement in which he allegedly extracted an agreement from the state to return his property; therefore, the district court did not err when it concluded that Mann's due process claim is time barred.

Second, the district court did not err when it concluded that Mann's claim, based on the violation of the terms of the plea bargain, is barred by *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). In *Heck*, the Supreme Court held that a plaintiff who seeks damages under § 1983 for actions whose unlawfulness would render a conviction or sentence invalid must first prove that the conviction or sentence has been reversed, expunged, invalidated, or otherwise called into question. *Id.* at 486. This court has held that *Heck* also applies where a plaintiff seeks injunctive or declaratory relief which, if granted, would necessarily imply that a conviction is invalid. *Kutzner v.Montgomery County*, 303 F. 3d 339, 340–41 (5th Cir. 2002); *Shaw v. Harris*, 116 Fed. Appx. 499 (5th Cir. 2004). In this case, a successful outcome for Mann's claims alleging breach of his plea bargain could imply the invalidity of his plea and therefore his conviction. As such, his claims were properly dismissed with prejudice until the *Heck* conditions were met. *See Johnson v. McElveen,* 101 F.3d 423 (5th Cir. 1996).[2]

---

[2] Mann raises a number of additional meritless issues, including that both the district judge and the magistrate judge should have recused themselves and that material was improperly excluded from the record. We have considered these arguments and rejected them. Further, while this matter was on appeal, Mann moved this court to enter an injunction ordering his transfer to another prison unit. We have no authority to consider this motion in

No. 08-41138

The judgment of the district court is

AFFIRMED

---

the first instance and therefore this motion is denied.