# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 6, 2020

Lyle W. Cayce
Clerk

No. 18-31214

Juan Alberto Ortiz-Lopez,

*Petitioner—Appellant*,

*versus*

Federal Bureau of Prisons, Director; William P. Barr, U.S. Attorney General,

*Respondents—Appellees*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:18-CV-931

Before Higginbotham, Jones, and Higginson, *Circuit Judges*.
Stephen A. Higginson, *Circuit Judge*:*

Juan Alberto Ortiz-Lopez, appearing pro se, appeals from the district court's dismissal of his petition for habeas relief under 28 U.S.C. § 2241 for lack of subject matter jurisdiction and his claims for civil rights violations for

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 18-31214

failure to state a claim for which relief can be granted. We AFFIRM but MODIFY THE JUDGMENT to dismiss without prejudice on all claims.

I.

Ortiz[1] was convicted in the Middle District of Florida after pleading guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine while on board a vessel subject to the jurisdiction of the United States and sentenced to 262 months of imprisonment.[2] Ortiz was then transferred to a federal correctional facility in Oakdale, Louisiana, to serve his sentence.

In October 2016, Ortiz and sixteen other federal prisoners filed pro se a complaint in the District Court for the District of Columbia asserting constitutional violations pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The prisoners, all incarcerated in Oakdale at the time, alleged that they were "innocent foreign nationals"[3] who were "abduct[ed]" from their home countries and convicted in the United States of drug trafficking offenses. They requested: (1) a declaration that the acts and omissions set forth in the complaint violated their rights; (2) immediate release from prison; and (3) any other appropriate relief, including the cost of commercial transportation to their home countries.

The respondents moved to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Rule

---

[1] Appellant refers to himself as "Ortiz," and we adopt the same here.

[2] *See* Judgment, *United States v. Ortiz-Lopez*, No. 8:11-cr-48, ECF No. 77 (M.D. Fla. July 8, 2015); *Ortiz-Lopez*, No. 8:11-cr-48-T-33AAS, 2017 WL 397582, at *1 (M.D. Fla. Jan. 30, 2017).

[3] Ortiz is Guatemalan.

No. 18-31214

12(b)(2) for lack of personal jurisdiction, Rule 12(b)(3) for improper venue, and Rule 12(b)(6) for failure to state a claim. They principally argued that because the prisoners sought release from prison and challenged the fact or duration of their incarceration, the complaint was in substance a petition for habeas relief under 28 U.S.C. § 2241 that should have been filed in the district where they were incarcerated.[4] As to the *Bivens* claims, the respondents argued that any claims of wrongful convictions and sentences were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994).

The district court noted that the prisoners' complaint did "not seek monetary damages" to support a *Bivens* claim, and instead construed the claims as a § 2241 habeas petition. The recharacterized petition was transferred to the federal prisoners' respective districts of incarceration. Ortiz's case was transferred to the Western District of Louisiana.

A magistrate judge in the Western District of Louisiana subsequently issued a report recommending that the district court grant the pending motion to dismiss. First, the report recommended dismissal of the habeas claims for lack of subject matter jurisdiction because, although construed as a habeas petition under § 2241, the prisoners raised claims collaterally attacking their convictions under 28 U.S.C. § 2255, and could not satisfy the savings clause of 28 U.S.C. § 2255(e). Second, the report recommended dismissal of the *Bivens* claims under Rule 12(b)(6) because the prisoners' claims were barred by *Heck*. For the reasons stated by the magistrate judge,

---

[4] The respondents initially stated that the complaint could be construed as seeking habeas relief pursuant to either 28 U.S.C. § 2241, in the districts of the prisoners' respective confinement, or 28 U.S.C. § 2255, in the districts of their convictions. However, they primarily argued that because the prisoners challenged the "fact or duration" of their confinement, it should be construed as a petition for habeas relief under § 2241.

No. 18-31214

the district court dismissed the habeas claims without prejudice and the *Bivens* claims with prejudice. Ortiz timely appealed.

## II.

In reviewing the denial of Ortiz's § 2241 habeas claims, we review findings of fact for clear error and conclusions of law de novo. *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003). We review the dismissal of Ortiz's *Bivens* claims under Rule 12(b)(6) de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs." *Doe ex rel. Magee v. Covington Cty. Sch. Dist. ex rel. Keys*, 675 F.3d 849, 854 (5th Cir. 2012) (en banc) (internal quotation marks and citation omitted).

## III.

## A.

Ortiz principally challenges the recharacterization of his complaint as a habeas petition under 28 U.S.C. § 2241. Although Ortiz did not ask the magistrate judge to reconsider the characterization following transfer to the Western District of Louisiana,[5] he nonetheless argues that the magistrate judge erred in failing to correct the District of Columbia's recharacterization.[6]

While Ortiz's complaint was styled as a *Bivens* action, that is not determinative. *See Hernandez v. Thaler*, 630 F.3d 420, 426-27 (5th Cir. 2011)

---

[5] To the extent Ortiz argues that the magistrate judge erred in not acting *sua sponte*, we have held that, absent unusual circumstances or a manifestly erroneous transfer order, "the decision of a transferor court should not be reviewed again by the transferee court." *In re Cragar Indus., Inc.*, 706 F.2d 503, 505 (5th Cir. 1983) (per curiam) (citing *Starnes v. McGuire*, 512 F.2d 918, 924 (D.C. Cir. 1974) (en banc)). In any event, the magistrate judge considered Ortiz's claims both as a habeas petition and a *Bivens* action.

[6] Ortiz did not seek review of the district court's transfer order in the District of Columbia through a writ of mandamus, which would have been the primary method to

4

No. 18-31214

(per curiam) ("It is the substance of the relief sought by a *pro se* pleading, not the label that the petitioner has attached to it, that determines the true nature and operative effect of a habeas filing."); *see also Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987) (same). Because Ortiz is a federal prisoner seeking release from custody, the magistrate judge did not err in construing his claims as a petition for habeas relief. *See Spina v. Aaron*, 821 F.2d 1126, 1127-28 (5th Cir. 1987).[7]

Ortiz further argues that the magistrate judge and the District of Columbia violated the procedure set forth in *Castro v. United States*, 540 U.S. 375 (2003), prior to construing his complaint as a § 2241 habeas petition. In *Castro*, the Supreme Court held that "when a court recharacterizes a *pro se* litigant's motion as a first § 2255 motion," the court must

> notify the *pro se* litigant that it intends to recharacterize the pleading, warn the litigant that this recharacterization means that any subsequent § 2255 motion will be subject to the restrictions on "second or successive" motions, and provide the litigant an opportunity to withdraw the motion or to amend it so that it contains all the § 2255 claims he believes he has.

---

challenge the transfer. *See In re Rolls Royce Corp.*, 775 F.3d 671, 677 (5th Cir. 2014); *Hill v. Henderson*, 195 F.3d 671, 676 (D.C. Cir. 1999). Nor do we construe Ortiz's appeal to challenge the transfer order here. Even if he did, we do not review the orders of out-of-circuit district courts. *See* 28 U.S.C. § 1294(1); *see also Nat'l Union Fire Ins. Co. v. Am. Eurocopter Corp.*, 692 F.3d 405, 407 (5th Cir. 2012) ("We lack jurisdiction to hear appeals challenging venue transfer orders issued by district courts in other circuits."); *Pack v. Yusuff*, 218 F.3d 448, 454 (5th Cir. 2000) ("We do not sit to review decisions of [another circuit] or of the district courts therein.").

[7] Ortiz opposed the government's motion to dismiss his complaint on the ground that it sought release and would be "properly entertained" only as a petition for habeas relief under either § 2241 or § 2255. On appeal, Ortiz continues to challenge the recharacterization *vel non* of his complaint rather than distinguishing the type of habeas relief he seeks.

540 U.S. at 383.    Absent these precautions, "the motion cannot be considered to have become a § 2255 motion for purposes of applying to later motions the law's 'second or successive' restrictions." *Id.*

The respondents argue that *Castro* is inapplicable here because *Castro*'s warnings are only required for motions recharacterized pursuant to § 2255.    A recharacterized § 2241 petition like Ortiz's, they say, does not have the same repercussions under the Antiterrorism and Effective Death Penalty Act's ("AEDPA") bar on second or successive petitions. Alternatively, respondents argue *Castro* is inapplicable because the remedy for a court's failure to comply with *Castro* is to allow Ortiz to file an otherwise-barred successive petition, which Ortiz does not seek here.

Under AEDPA, a subsequent § 2255 motion will be considered to be a second or successive application and barred "when it: 1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ."    *In re Cain*, 137 F.3d 234, 235 (5th Cir. 1998) (per curiam).    These "gatekeeping provisions" were "enacted primarily to preclude prisoners from repeatedly attacking the validity of their convictions and sentences." *Id.*; *see also Felker v. Turpin*, 518 U.S. 651, 664 (1996) ("[AEDPA] also codifies some of the pre-existing limits on successive petitions, and further restricts the availability of relief to habeas petitioners. . . . The new restrictions on successive petitions constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ.'"). For this reason, we have noted that *Castro*'s warning is tailored to prevent pro se litigants "from running headfirst and blind into AEDPA's second-or-successive restrictions."    *Hopes v. Davis*, 761 F. App'x 307, 310 (5th Cir. 2019) (per curiam).

In contrast, § 2241 petitions are not subject to AEDPA's heightened gatekeeping provisions. *Compare* 28 U.S.C. § 2244(a), *with* 28 U.S.C. §§ 2244(b), 2255(h); *see also Ortloff v. Fleming*, 88 F. App'x 715, 716 (5th Cir. 2004) (per curiam) ("The specific limitations on filing successive 28 U.S.C. § 2255 motions and 28 U.S.C. § 2254 habeas petitions that were enacted as 28 U.S.C. § 2244(b) under the AEDPA do not literally apply to 28 U.S.C. § 2241 habeas petitions."). Moreover, as the respondents aver, unlike mandatory dismissal of a second or successive § 2255 motion, dismissal of a successive § 2241 petition is discretionary. *See* 28 U.S.C. § 2244(a) ("No circuit or district judge *shall be required* to entertain an application for a writ of habeas corpus . . . if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255." (emphasis added)); *see also James v. Cain*, 56 F.3d 662, 665 (5th Cir. 1995) ("A district court's decision to dismiss a second or subsequent federal habeas corpus petition for abuse of the writ lies within its sound discretion.").

This is not to say there are no bars to successive habeas petitions under § 2241. Though less rigid than AEDPA, a successive § 2241 petition is subject to dismissal for abuse of the writ when the same legal claims addressed in a prior petition are presented again. *United States v. Tubwell*, 37 F.3d 175, 178 (5th Cir. 1994); *see also Ortloff*, 88 F. App'x at 716 (applying the "very similar" post-AEDPA version of 28 U.S.C. § 2244(a) to bar petitioner's successive § 2241 petition). Additionally, a second petition that raises a claim that could have been raised in a first petition may be deemed an abuse of the writ unless the petitioner can show cause and prejudice for his failure to raise the claim earlier. *McCleskey v. Zant*, 499 U.S. 467, 493-95 (1991).

We have not squarely addressed whether *Castro* applies to a recharacterized § 2241 petition. Even assuming it does, it would not be

reversible error here. *Castro* held that a court's failure to provide the proper warning would mean only that the recharacterized motion cannot count as barring a subsequent petition as "second or successive." *Castro*, 540 U.S. at 383; *see also Hopes*, 761 F. App'x at 310 ("[A]lthough the district court failed to comply with *Castro* when recasting his petition, Hopes can litigate any *Castro* error . . . if he later sees fit to file another habeas corpus petition."); *United States v. Marzon*, 177 F. App'x 382, 383 (5th Cir. 2006) (per curiam) ("[R]echaracterization without warning is not reversible error."). Here, Ortiz's § 2241 petition was dismissed without prejudice, and he may litigate any *Castro* violation, if applicable, should it arise in any subsequent petition. [8]

## B.

Ortiz next contends that the district court erred in dismissing his habeas claims without prejudice for lack of jurisdiction.

A petition filed under § 2241 and a motion filed under § 2255 are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Section 2255 is the primary means to collaterally attack a federal conviction and sentence. *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000) (per curiam). Section 2241 is generally used to challenge the execution of a federal sentence. *Id.* A § 2255 motion "must be

---

[8] As the government notes, only the Second Circuit has extended *Castro* to apply to a recharacterized § 2241 petition. *See Simon v. United States*, 359 F.3d 139, 145 (2d Cir. 2004). In that case, the court was concerned with the unresolved question of "what constraints, if any, apply to the filing of a second or successive § 2241 petition" under AEDPA, and whether "a second habeas petition of this sort might . . . trigger [AEDPA's] successive petition restrictions." *Id.* at 144. Accordingly, the Second Circuit extended *Castro* "at least until it is decided if and when petitioners can file more than one § 2241 petition." *Id.* (internal quotation marks and citation omitted). However, we similarly need not decide at this time whether *Simon*'s concerns apply here.

No. 18-31214

filed in the sentencing court," while a § 2241 petition "must be filed in the same district where the prisoner is incarcerated." *Pack*, 218 F.3d at 451.

However, a prisoner may use § 2241 to challenge his conviction and sentence only if it "appears that the remedy [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The district court where a prisoner is in custody "has the jurisdiction to determine whether a petitioner's claims are properly brought under § 2241 via the savings clause of § 2255." *Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005) (per curiam). A § 2241 petition that challenges errors related to a petitioner's conviction or sentence should be construed as a § 2255 motion, *see Tolliver*, 211 F.3d at 877-78, but only if the court has jurisdiction to do so as the sentencing court. *See Ojo v. I.N.S.*, 106 F.3d 680, 683 (5th Cir. 1997).

The Western District of Louisiana did not err in dismissing Ortiz's § 2241 claims because Ortiz raises claims regarding the validity of his conviction and sentence in the Middle District of Florida, and he failed to satisfy the requirements of the savings clause of § 2255(e). *See Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *Benson v. Justice*, 511 F.3d 486, 487 (5th Cir. 2007) (per curiam).[9]

---

[9] While the magistrate judge noted in passing that Ortiz did not "show any prior attempts at relief through § 2255," prior to filing this action, Ortiz had in fact moved to vacate his conviction pursuant to § 2255 in the Middle District of Florida, asserting that the district court lacked jurisdiction to convict him for violations of international law and that he was illegally kidnapped from Guatemala. *See* Order, *United States v. Ortiz-Lopez*, No. 8:11-cr-48 (M.D. Fla. Aug. 22, 2016), ECF No. 90. Well before this case was transferred to the Western District of Louisiana on June 21, 2018, the Middle District of Florida dismissed Ortiz's § 2255 motion as time-barred and alternatively as lacking merit, and the Eleventh Circuit declined to issue a certificate of appealability. *Id.*; Order, *Ortiz-Lopez*, No. 8:16-cv-2377 (M.D. Fla. Nov. 30, 2017), ECF No. 13. Because neither Ortiz nor the government raised this issue below or on appeal, we need not consider in the first instance whether Ortiz's prior unsuccessful § 2255 constitutes an alternative ground for

No. 18-31214

## C.

Finally, Ortiz argues that the district court erred in dismissing his *Bivens* claims with prejudice for failure to state a claim for which relief can be granted.

The magistrate judge correctly concluded that Ortiz's claims challenging the validity of his federal conviction were barred by *Heck* because he has not shown that his "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. at 486-87; *accord Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (per curiam).

To the extent Ortiz argues that he is forced to work in prison without adequate pay, this claim is not barred by *Heck* because it "challenge[s] conditions of confinement, but not the fact or length of the sentence." *Smith v. Hood*, 900 F.3d 180, 185 (5th Cir. 2018). However, Ortiz's allegations are conclusory and insufficient to state a viable claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). Moreover, "[c]ompelling an inmate to work without pay is not unconstitutional." *Murray v. Miss. Dep't of Corr.*, 911 F.2d 1167, 1167 (5th Cir. 1990) (per curiam); *accord Loving v. Johnson*, 455 F.3d 562, 563 (5th Cir. 2006) (per curiam). Consequently, this claim is dismissed without prejudice. *See Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.").

---

dismissal under the savings clause. *See Tolliver*, 211 F.3d at 878 (prior unsuccessful § 2255 motion does not make § 2255 inadequate or ineffective to satisfy the savings clause).

Alternatively, Ortiz argues that the district court erred because his *Bivens* claims should be dismissed *without* prejudice. We agree.

Under *Heck*, Ortiz's cause of action "does not accrue until the conviction or sentence has been invalidated." *Stephenson*, 28 F.3d at 27-28. In these circumstances, while dismissal "with prejudice" is appropriate, we have held that this "decretal language is technically incomplete." *DeLeon v. City of Corpus Christi*, 488 F.3d 649, 657 (5th Cir. 2007). The "preferred order of dismissal in *Heck* cases decrees, 'Plaintiffs [sic] claims are dismissed with prejudice to their being asserted again until the *Heck* conditions are met.'" *Id.* (quoting *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (per curiam)); *see also Cook v. City of Tyler*, No. 19-40144, 2020 WL 5268509, at *1 (5th Cir. Sept. 4, 2020) (per curiam) ("[A] *Heck* dismissal is a dismissal without prejudice."). We modify the judgment accordingly.

## IV.

For the foregoing reasons, the judgment is AFFIRMED AS MODIFIED.